[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife commenced this action for dissolution of marriage on the ground of irretrievable breakdown by complaint dated February 7, 1997. She also sought alimony, a property settlement and other relief, as on file.
Each party was present at trial, represented by counsel and testified. At the close of trial, each counsel made oral argument.
From the evidence, the court finds as follows:
The parties were married on October 20, 1973 at Thompson, Connecticut. They have each resided continuously in the state for more than one year before the date of the complaint. The parties had one adopted child. He has reached the age of majority. No children were born to the wife. All statutory stays have expired. This court has jurisdiction.
The wife is 51 years old, a high school graduate and confined to a wheelchair. Her health is poor and she is disabled. She receives $199.70 from Social Security and $10.95 from Medicare. Although there is no pendente lite order for alimony, there is a claim that the defendant has been paying $200 per week. There is further evidence that he has made in kind payments of food and medicine.
The parties own Putnam Candy Company. The wife owns 325 shares and the husband owns 175 shares. There are no other shareholders. The parties acquired the company from the wife's aunt in January 1976 for $150,000. This price appears to have included the business which is valued at $175,000 and the real CT Page 3370 estate where the business is operated which is owned by the wife and valued at $60,000.
The wife generally worked at the company from 1976 until 1991. Her highest salary was $18,000 per year. The husband has run the company for at least the last ten years. His highest salary was his percent annual salary of approximately $42,000 per year. Occasionally he would receive bonuses. The husband receives $190 per week as a director of Citizens Bank.
The husband is 60 years old. His health is fair.
There was evidence of occasional physical abuse by the husband toward the wife. The husband denied abuse and the son testified he never witnessed it. The wife claims that the husband engaged in inappropriate sexual activity with an eighteen year old female. The husband admitted taking an interest in the young woman's welfare, but denies a sexual relationship. The son claims the young woman was his girlfriend. The court is not convinced by a preponderance of the evidence that physical abuse or illicit sexual contact was proven.
It is clear to the court that the marriage has broken down irretrievably. The cause of the breakup appears to be the wife's health and a growing indifference on the part of the husband toward his wife.
The parties have accumulated the following assets:
1. 60 Woodstock Avenue, value $60,000, title in wife;
2. 97 Grove Street, value $86,500, title in wife;
3. Denisport, Mass., value $220,000
4. 12 Woodstock Road, value $107,000
 5. Putnam Candy Company, value $175,000, Stock 75% wife, 25% husband;
 6. IRA Citizens Bank, value $10,950.43, IRA $5,969.27, title in husband;
7. Miscellaneous bank accounts, nominal value; CT Page 3371
8. ATT pension, value $16,919.70, titled in husband;
 9. CNB Corp. stock, husband 608 shares @ $37 per share, Wife 554 shares @ $37 per share;
10. CGI Life Insurance $50,000 face value, owned by husband;
11. 1995 Chevy Blazer, title in Candy Company
It appears that the questionable health of the husband and the poor health of the wife make it unrealistic to expect either party to obtain medical insurance.
The plaintiff wife does not appear to be presently employable. The defendant husband is employed. Each party made substantial monetary contributions to the marriage and marital assets; Each party added to the marital assets through inheritance.
The court has considered all of the criteria in §§ 46b-81
and 46b-82 in light of the evidence and findings in determination of the awards set forth below. The court has also considered the taxable implications and consequences of said awards. The following orders are entered:
1. The marriage is dissolved;
 2. The defendant shall transfer his interest in the jointly owned real estate located in Dennis, Mass. to the plaintiff. The plaintiff shall pay and be responsible for the taxes, insurance and maintenance thereon and shall indemnify and hold the defendant harmless in connection therewith;
 3. The defendant shall waive any claim to real estate in Thompson, Connecticut and real estate located at Grove Street and it shall be the sole property of the plaintiff who shall be responsible for taxes, insurance and maintenance thereon and shall indemnify and hold the defendant harmless in connection therewith. The defendant shall vacate the property within thirty days.
 4. The plaintiff's interest in real estate located at Woodstock Avenue, Putnam shall be awarded to the defendant. The defendant shall be responsible for taxes, insurance and maintenance thereon and shall indemnify and hold the plaintiff harmless in CT Page 3372 connection therewith.
 5. The plaintiff's interest in the Putnam Candy Company, its assets and inventory shall be awarded to the defendant who shall be responsible for all expenses associated with said business and shall indemnify and hold the plaintiff harmless in connection therewith.
 6. Each party shall retain the items of personal property and automobile presently in their possession, and the defendant shall cooperate in transferring title to the Blazer from Putnam Candy Company to the plaintiff.
 7. Each party shall retain his or her shares of CNB stock. The defendant shall retain his IRA's, his bond, his ATT pension and any bank account in his name. The plaintiff shall retain her IRA, if any, and any bank accounts in her name.
 8. The defendant shall name the plaintiff as beneficiary of his CGI life insurance in the face amount of $50,000 and keep said beneficiary designation in effect so long as he is obligated to pay alimony to the plaintiff.
 9. The defendant shall pay periodic alimony to the plaintiff in the amount of $200 per week. The alimony payment shall terminate upon the plaintiff's death, remarriage or cohabitation. The defendant shall receive no alimony.
10. Each party shall pay his or her own attorney's fees.
 11. All documents and instruments necessary or incidental to the effectuation of this court's orders shall be completed and exchanged within thirty days.
Booth, J.